Pearson, J.
 

 The defendant, without doubt, is liable t® indictment for obstructing the public highway, by means of the Canal, which he uses and takes benefit of for the purpose of supplying water to turn his mill. The original proprietor of the mill was guilty of a nuisance in cutting-the canal; and the defendant is guilty of a nuisance in
 
 continuing to use it.
 

 It may be, that, if he is indicted for the nuisance, he may-attempt to excuse himself by proving, that for more than twenty years he and those “whose estate' he has” have had the benefit of this
 
 easement or
 
 privilege, but it will appear* that the enjoyment of this privilege had a condition annexed thereto, to wit: that a bridge should be kept up over the canal, so that the .public should sustain no inconvenience or hindrance by reason of the highway being cut across. Tha excuse will not avail, unless he proves that this condition has been complied with.
 

 
 *135
 
 The indictment charges, that the defendant, being the owner of the mill, was bound to repair the bridge, “
 
 virlute tenurca
 
 .” Our late very able Attorney General followed an English form, and did not devote to the subject the degree of care which he usually bestowed upon every question. In this State, we are all tenants
 
 in capita,
 
 and our tenure is that of free and common socage, yielding lealty, doing suit to Court, and paying such taxes as the “ General Assembly” may, irom time to time, assess. The land, upon which the mill is situated, was, in all probability, granted long before the mill was built and the canal cut; so the repairing of the bridge could not have been a
 
 condition of the grant.
 

 When the canal was cut, there may have been an express license for so obstructing the public highway, granted by the County Court, upon condition that the bridge should be built and kept in repair, or this may be presumed by a usage for more than twenty years, in the absence of such a contract expressed or presumed. The proprietor of the mill, who cut the canal, was guilty of a nuisance in so obstructing a public highway, and the defendant, who continues to use the canal, is guilty of the like nuisance.
 
 Rex v Slaughter, 2
 
 Saunders, 158, 9, note;
 
 King
 
 v
 
 Kerrison,
 
 1 Maule, and Selwin, 526.
 

 The judgment must be reversed, and, upon the special .verdict, there must be judgment for the defendant.
 

 Pee Cueiam. Judgment accordingly.